IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVIISION

| | | |
|---|---|---|
| Danna Casselman, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Cause No.: 2:24-cv-1017 |
| v. | § | |
| | § | |
| Camelot SI, LLC; Camelot Venture | § | |
| Group, LLC; and Lowe's Home Centers, | § | |
| LLC, | § | |
| | § | |
| *Defendants*. | § | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Dana Casselman ("Plaintiff") complaining of Defendants Colsen Fire Pits LLC; Gusar LLC; NIKL Partners LLC; Allstar Marketing Group, LLC; Lowe's Home Centers, LLC; FLIKR L.L.C.; and Seera Creative LLC; (collectively "Defendants") and would respectfully show the Court the following:

### I.

### Nature of Action

1.    This personal-injury action arises under the common law of Texas for severe burns suffered by Plaintiff Danna Casselman when a Sharper-Image branded tabletop fireplace exploded.

### II.

### Jurisdiction and Venue

2.    Venue is proper in the Eastern District of Texas because the acts and omissions giving rise to this lawsuit occurred within the Eastern District of Texas. *See* 28 U.S.C. §

1391(b)(2). Additionally, this Court has specific jurisdiction over each Defendant because Defendants purposefully availed themselves of the Texas Market by selling the tabletop fireplace to Texas residents.

3.      Subject matter jurisdiction is proper as the amount in controversy is greater than $75,000, and complete diversity of citizenship exists between Plaintiff and Defendants.

### III.

### Parties

4.      Plaintiff Danna Casselman is a natural person and resident of Texas.

5.      Defendant Colsen Fire Pits LLC is a Florida limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas. Specifically, Colsen Fire Pits LLC manufactures and/or distributes products, including the tabletop fireplace involved in the incident, to distributors, retailers, and end consumers in Texas. Colsen Fire Pits LLC can be served with process through its registered agent, Northwest Registered Agent LLC, 7901 4th St. N., Ste. 300, St. Petersburg, FL 33702.

6.      Defendant Gusar LLC is a Florida limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas. Specifically, Gusar LLC manufactures and/or distributes products, including the tabletop fireplace involved in the incident, to distributors, retailers, and end consumers in Texas. Gusar LLC can be served with process through its registered agent, Gustavo Pantin, 4777 NW 72nd Ave., Miami, FL 33166.

7.      Defendant NIKL Partners LLC is a Florida limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas.

Specifically, NIKL Partners LLC manufactures and/or distributes products, including the tabletop fireplace involved in the incident, to distributors, retailers, and end consumers in Texas. NIKL Partners LLC can be served with process through its registered agent, Northwest Registered Agent LLC, 7901 4th St. N., Ste. 300, St. Petersburg, FL 33702.

8.      Defendant Allstar Marketing Group, LLC is a New York limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas. Specifically, Allstar Marketing Group, LLC distributes products to various retailers, including Lowe's, for final sale to consumers. Allstar Marketing Group, LLC sold the tabletop fireplace involved in the incident to Lowe's for sale to consumers. Allstar Marketing Group, LLC can be served with process through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

9.      Defendant Lowe's Home Centers, LLC ("Lowe's") is a North Carolina limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas. Specifically, Defendant Lowe's operates many stores within Texas and sold the Sharper Image branded tabletop fireplace to Plaintiff. Defendant Lowe's Home Centers, LLC has appeared in this case and can be served through counsel of record.

10.     Defendant FLIKR L.L.C. is a California limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas. Specifically, FLIKR L.L.C. manufactures products that it knows are going to be sold to distributors and end consumers in Texas. Upon information and belief, FLIKR L.L.C. manufactured the tabletop fireplace involved in the incident. FLIKR, LLC can be served with process through its registered agent, 1504 Corporation Zenbusiness Inc., 2520 Venture Oaks

Way, Sacramento, CA 95833.

11.    Defendant Seera Creative LLC is a Tennessee limited liability company that conducts substantial business, and maintains continuous and systematic contacts, with Texas. Specifically, Seera Creative LLC, upon information and belief, manufactures products that it knows are going to be sold to distributors and end consumers in Texas. Upon information and belief, Seera Creative LLC manufactured the tabletop fireplace involved in the incident. Seera Creative, LLC can be served with process through its registered agent, Seera Creative LLC, 607 E. 17th St., Chattanooga, TN 37408.

### IV.

### Facts

12.    On or about October 4, 2024, Plaintiff Danna Casselman was using a Sharper Image branded tabletop fireplace on her back patio. The fireplace uses isopropyl alcohol as the fuel. On the evening in question, without warning, the fireplace exploded, spewing lit isopropyl alcohol onto Ms. Casselman's face, chest, legs, hands, and other parts of her body. She was taken to the hospital, where she spent two days before being released. Ms. Casselman continues to receive treatment for her severe burns.

13.    Allstar Marketing Group, LLC distributes Sharper-Image branded products to retailers for final sale to consumers. The fireplace involved in this incident is one such product. Photos of the fireplace involved in the incident are below:



14.    Upon information and belief, Allstar Marketing Group, LLC participated in the design of the tabletop fireplace, exercised substantial control over the content of a warning or instruction that accompanied the tabletop fireplace, made an incorrect express factual

representation about how the tabletop fireplace should be refueled, and/or had actual knowledge of the tabletop's fireplace propensity to explode at the time they supplied the product.

15.    Upon information and belief, Lowe's also participated in the design of the tabletop fireplace, exercised substantial control over the content of a warning or instruction that accompanied the tabletop fireplace, made an incorrect express factual representation about how the tabletop fireplace should be refueled, and/or had actual knowledge of the tabletop's fireplace propensity to explode at the time they supplied the product.

16.    Upon information and belief, Defendants Colsen Fire Pits, Gusar, NIKL Partners, FLIKR, and Seera Creative individually or jointly designed and manufactured the tabletop fireplace at issue in this case. The tabletop fireplace was unreasonably dangerous at the time it left each Defendant's control, in that it could ignite isopropyl alcohol even after the flame had burned out and lacked adequate warnings and instructions regarding the dangers of unexpected ignition and how to safely add fuel after the tabletop fireplace had burned out.

17.    Defendants' acts and omissions caused Ms. Casselman to suffer severe burns to her face, chest, legs, hands, and other parts of her body. Ms. Casselman has, and will continue to, experience pain, suffering, and mental anguish as a result of this horrific incident well into the future.

## V.

## Causes of Action

### A. Negligence and Gross Negligence against All Defendants[1]

18.    Plaintiff suffered severe injuries because of Defendants' negligence, and gross negligence, including:

> a.    Failing to inspect the tabletop fireplace before selling it;
>
> b.    Failing to perform adequate safety testing on the tabletop fireplace to ensure it would not explode on consumers;
>
> c.    Selling a defective tabletop fireplace;
>
> d.    Selling a dangerous tabletop fireplace;
>
> e.    Selling a tabletop fireplace with a propensity to explode;
>
> f.    Failing to use safer materials to construct the fireplace that do not retain heat for as long as the tabletop fireplace retains heat;
>
> g.    Instructing consumers of the tabletop fireplace to use isopropyl alcohol as fuel instead of a less explosive gel fuel;
>
> h.    Selling the tabletop fireplace despite actual knowledge of the tabletop fireplace's propensity to explode;
>
> i.    Failing to provide adequate instructions about how to safely refuel the tabletop fireplace;
>
> j.    Failing to warn Plaintiff of the tabletop fireplace's propensity to explode;
>
> k.    Failing to properly instruct and provide appropriate training regarding proper use of the tabletop fireplace prior to selling the tabletop fireplace;
>
> l.    Other acts deemed negligent and grossly negligent.

---

[1] Plaintiff brings this claim against each Defendant individually and jointly to the extent multiple Defendants were involved in the manufacture, design, and/or distribution of the tabletop fireplace, including developing the content of the warnings and instructions accompanying the tabletop fireplace.

19.    At all times material thereto, Defendants owed a duty of ordinary care consistent with the foregoing and breached each of those duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries.

20.    Additionally, Defendants' actions were committed with a reckless disregard for a substantial risk of injuries. As such, Plaintiff is entitled to exemplary damages.

21.    As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff was severely injured.

## B. Breach of Warranty against all Defendants[2]

22.    Plaintiff repeats and re-alleges each allegation contained above.

23.    Defendants impliedly warranted to the public generally and specifically to the owner(s) of the tabletop fireplace in question that the tabletop fireplace was of merchantable quality. This is the implied warranty of merchantability.

24.    Defendants were merchants with respect to the tabletop fireplace, and the tabletop fireplace was not merchantable as warranted because it possessed an unreasonable propensity to explode. Specifically, the tabletop fireplace should not explode and cause burns under normal usage.

25.    Defendants impliedly warranted that the tabletop fireplace was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. This was the implied warranty of fitness.

26.    Defendants knew or had reason to know of the purpose for which Plaintiff

---

[2] Plaintiff brings this claim against each Defendant individually and jointly to the extent multiple Defendants were involved in the manufacture, design, and/or distribution of the tabletop fireplace, including developing the content of the warnings and instructions accompanying the tabletop fireplace.

purchased the tabletop fireplace, Plaintiff was relying on Defendants' skill and judgment to select and furnish a suitable product, and the tabletop fireplace was not fit for the purpose for which it was intended to be used.

27.    Plaintiff was entitled to the protection of these warranties and Plaintiff was directly harmed because of Defendants' breach of these warranties.

28.    Plaintiff's injuries were caused because of Defendants' breach of warranty.

### C. Nonmanufacturing Seller Liability Against All Defendants[3]

29.    Plaintiff repeats and realleges each allegation contained above.

30.    Defendants, as nonmanufacturing sellers of the tabletop fireplace, are liable to Plaintiff for her injuries, which were caused by the tabletop fireplace because Defendants:

a.    Participated in the design of the tabletop fireplace;

b.    Exercised substantial control over the content of the warnings or instructions that accompanied the tabletop fireplace, the warnings or instructions were inadequate, and Plaintiff's harm resulted from the inadequacy of the warnings or instructions;

c.    Made an express factual representation that the tabletop fireplace was safe to refuel without a threat of explosion. This representation was incorrect, and Plaintiff relied on these representations when using the tabletop fireplace. Had the tabletop fireplace been as represented, Plaintiff would not have been harmed by the tabletop fireplace or would not have been injured, or would not have suffered the same degree of harm;

d.    Defendants actually knew the tabletop fireplace was defective because it had a high propensity to explode at the time they sold the tabletop fireplace to Plaintiff, and Plaintiff's injuries resulted from this defect; and

e.    Upon information and belief, the manufacturer of the tabletop fireplace

---

[3] Plaintiff brings this claim against each Defendant individually and jointly to the extent multiple Defendants were involved in the design, and/or distribution of the tabletop fireplace, including developing the content of the warnings and instructions accompanying the tabletop fireplace.

is insolvent or not subject to the jurisdiction of this Court.

31.  Defendants failed to act reasonably in each of the above-referenced ways and thus are liable for Plaintiff's injuries under Texas law as non-manufacturing sellers.

32.  Plaintiff's injuries were caused because of Defendants' conduct.

### D. Products Liability Against Defendants Colsen Fire Pits, Gusar, FLIKR, and Seera Creative[4]

33.  Plaintiff repeats and realleges each allegation contained above.

34.  Upon information and belief, Defendants Colsen Fire Pits, Gusar, FLIKR, and/or Seera Creative[5] designed, tested, assembled, manufactured, marketed, distributed, and/or sold the tabletop fireplace that injured Plaintiff with marketing, design, and manufacturing defects.

35.  <u>**Marketing Defect and Failure to Warn**</u>: The tabletop fireplace was designed, manufactured, distributed, and/or sold with one or more marketing defects:

    a.  There was an unreasonable risk in the intended or reasonably foreseeable use of the tabletop fireplace. Specifically, The Manufacturing Defendants knew, or should have known, that consumers would refuel the tabletop fireplaces during the course of using the tabletop fireplaces. However, the warnings included on the tabletop fireplace that exploded on Ms. Casselman were inadequate for warning consumers of the dangers of the tabletop fireplace. Specifically, the warnings were inadequate in that they failed to warn of the tabletop fireplace's propensity to explode, failed to inform users of how to refuel the tabletop fireplace, and failed to inform users of how long to allow the tabletop fireplace to cool before refueling.

    b.  The Manufacturing Defendants should have included clear, easy-to-read, conspicuous warnings as to each of these dangers.

---

[4] Plaintiff brings this claim against each Defendant both individually and jointly to the extent multiple Defendants participated in the manufacture of the tabletop fireplace or producing the content of the instructions and warnings (or lack thereof) that accompanied the tabletop fireplace.

[5] Defendants Colsen Fire Pits, Gusar, FLIKR, and Seera will collectively be referred to as the "Manufacturing Defendants."

c.   The Manufacturing Defendants knew, foresaw, or should have known about these risks.

d.   The Manufacturing Defendants failed to adequately warn Plaintiff of the risks, failed to instruct Plaintiff of the aforementioned risks, and/or failed to adequately instruct Plaintiff how to avoid the dangers.

e.   Including warnings on the tabletop fireplace concerning their proper application and use would have been easy and cost efficient for the Manufacturing Defendants.

f.   The Manufacturing Defendants failed to provide adequate warnings as to the dangers associated with the tabletop fireplace and/or adequate instructions for their safe use when the tabletop fireplace left the Manufacturing Defendants' control and/or at any relevant time thereafter.

g.   The marketing defect(s) rendered the tabletop fireplace unreasonably dangerous; and

h.   The Manufacturing Defendants as distributors failed to provide adequate warning of the dangers and risks the tabletop fireplace posed to Plaintiff and others.

36.   The Manufacturing Defendants' failure to warn and marketing defect relating to the tabletop fireplace was the producing, proximate, and contributing cause of Plaintiff's injuries.

37.   **Design Defect**: the tabletop fireplace was designed, manufactured, distributed and/or sold with one or more design defects:

a.   The Manufacturing Defendants designed the tabletop fireplace and knew of safer alternative designs that were available at the time of production. Specifically, The Manufacturing Defendants could have, and should have, used alternative materials to reduce the risk of an explosion. Plaintiff also believes the tabletop fireplace in question was unreasonably dangerous for other reasons that will be shown in the process of discovery in this case.

b.   The tabletop fireplace was unreasonably dangerous and safer alternative designs existed that The Manufacturing Defendants knew of. The safer alternative designs were economically and technologically feasible for

The Manufacturing Defendants at the time the tabletop fireplace left the Manufacturing Defendants' control. The Manufacturing Defendants issued no publications, bulletins, or recalls for the subject tabletop fireplace, despite knowing safer alternatives existed.

c.     The safer alternative designs would have prevented or significantly reduced the aforementioned risks without substantially impairing the tabletop fireplace's utility.

d.     The design defect(s) rendered the tabletop fireplace unreasonably dangerous.

38.     The tabletop fireplace's defective design was the producing, proximate, and contributing cause of Plaintiff's injuries.

39.     **<u>Manufacturing Defect</u>**: The tabletop fireplace was designed, manufactured, distributed, and/or sold with one or more manufacturing defects:

a.     The Manufacturing Defendants manufactured the tabletop fireplace, and at the time, deviated in the quality of construction, plan, and/or specifications rendering the tabletop fireplace unreasonably dangerous. Specifically, this particular tabletop fireplace had a higher propensity to explode than others.

b.     These defects existed at the time the Manufacturing Defendants manufactured the tabletop fireplace Ms. Casselman was using at the time of the explosion.

c.     The manufacturing defects, which rendered the tabletop fireplace unreasonably dangerous, were the producing, proximate, and contributing cause of Plaintiff's injuries.

40.     The tabletop fireplace's defective manufacturing was the producing, proximate, and contributing cause of Plaintiff's injuries.

## VI.

## **<u>Damages</u>**

41.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff suffered severe and ultimately preventable injuries. As a result of Plaintiff's injuries, Plaintiff has already incurred significant medical bills and lost wages, and she has endured extreme pain, suffering, and mental anguish. Plaintiff's injuries are likely to continue indefinitely. Plaintiff prays for relief and judgment, and for the following:

a.   Past and future medical damages;

b.   Compensatory damages against Defendants;

c.   All actual damages allowable under the law;

d.   Consequential damages;

e.   Past and future pain and suffering;

f.   Past and future mental anguish;

g.   Past and future impairment;

h.   Past and future disfigurement;

i.   Interest on damages (pre- and post-judgment) in accordance with law;

j.   Costs of court;

k.   Expert witness fees;

l.   Costs of copies of depositions;

m.   Exemplary damages; and

n.   Such other and further relief as the Court may deem just and proper.

o.   Plaintiff seeks monetary damages in excess of $1,000,000.00.

## VII.

## **Prayer**

Plaintiff prays that this citation be issued and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final

hearing, Plaintiff have a judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

## VIII.

## Jury Trial Demanded

Plaintiff respectfully demands a trial by jury on all issues.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Roland Christensen*
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Alec J. Paradowski
SBN: 24124773
aparadowski@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
rolandteam@arnolditkin.com

*and*

Stafford Davis
State Bar No. 24054605
Catherine Bartles
State Bar No. 24104849
THE STAFFORD DAVIS FIRM, PC

815 South Broadway Avenue
Tyler, Texas 75701
(903) 593-7000
sdavis@stafforddavisfirm.com
cbartles@stafforddavisfirm.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's E-Filing system on February 13, 2026.

/s/ *Roland Christensen*
Roland Christensen